■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEONARD PERKINS, Appellant.— Appeal by defendant from an order of the County Court, Kings County, dated January 17, 1961, denying, after a hearing, his *coram nobis* application to vacate a judgment of said court, entered October 26, 1953, convicting him, on his plea of guilty, of manslaughter in the first degree, and sentencing him as a second felony offender upon an information filed by the District Attorney accusing him of a prior conviction in 1940 of the crime of manslaughter in the Superior Court of Wayne County, North Carolina. Defendant admitted that he was the same person as charged in the information. Order affirmed. Defendant originally brought this *coram nobis* proceeding in 1959, alleging in his petition that his prior conviction in North Carolina was of the crime of "involuntary manslaughter," which he claimed would not have constituted a felony if committed within this State. By order dated May 12, 1959, the County Judge denied that application, without a hearing. Upon appeal to this court, we reversed the order and remitted the matter to the County Court for a hearing upon the issue as to the nature of the North Carolina conviction and for further proof of the law of that State, or for the submission of further proof of statutes or judicial authorities upon which we might take judicial notice of the law in North Carolina (cf. *People* v. *Perkins,* 11 A D 2d 697). Thereafter, upon the hearing, the record of the North Carolina conviction was introduced in evidence. From this record it now appears that defendant there pleaded guilty to the crime of "manslaughter". So far as we have been advised, there is no statutory crime of manslaughter in that State; but manslaughter has been judicially defined by its Supreme Court as "the unlawful killing of a human being without malice and without premeditation and deliberation" (*State* v. *Benson,* 183 N. C. 795, 799). Such act would constitute a felony if committed in this State (Penal Law, §§ 1049, 1052, subd. 3). Defendant, having neither adduced further evidence at the hearing nor produced any statutory or judicial authorities contrary to the foregoing, has failed to make a showing sufficient to require or authorize the vacatur of the judgment of which he complains. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE POLICHAK, Appellant.— Appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, rendered November 18, 1959, after a nonjury trial, convicting him of book-making (Penal Law, § 986), and sentencing him to pay a fine of $100 or to serve a term of 30 days in the New York City Workhouse. Defendant paid the fine. Judgment affirmed. No opinion. Nolan, P. J., Beldock, Kleinfeld and Christ, JJ., concur; Pette, J., dissents and votes to dismiss the information, on the ground that the evidence adduced fails to establish beyond a reasonable doubt the defendant's guilt of the crime charged.